CJ2020-1358

*ogden*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR - 9 2020

RICK WARREN
COURT CLERK

38_____

**N THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA**

AMANDA LAWSON, Individually and as )
Mother and Next Friend of H.M., a minor, )
)
Plaintiff, )
)
v. )          Case No. **CJ - 2020 - 1358**
)
HARRAH HIGH SCHOOL, )
HARRAH PUBLIC SCOOLS, )
CHARLES JAMES COPELAND, )
)
Defendants. )

## PETITION

COMES NOW the Plaintiff, Amanda Lawson, individually and as mother and next

friend of H.M., a minor, and for her claims of relief against the Defendants, Harrah High

School;

Harrah Public Schools; and Charles James Copeland, and each of them, alleges and

states as follows:

1. The Plaintiff, Amanda Lawson, is the natural parent of H.M. and is, and at all

   times

relevant to this action was a citizen and resident of Oklahoma County, State of Oklahoma.

2. The Defendant, Harrah High School (hereinafter "Harrah H.S.") is a high

school within the Harrah Public School District (hereinafter "Harrah Public Schools")

and Harrah H.S. is under the exclusive supervision and control of Harrah Public Schools.

Harrah H.S. is in Oklahoma County, State of Oklahoma. Notice was formally served on

both the individual school, Harrah H.S.as well as the administration offices of the Harrah

Public Schools and the State of Oklahoma, Risk Management Division pursuant to the

Oklahoma Governmental Tort Claims Act, Title 51 O.S. §151, et seq.

Ex. 1-Petition

3.  At all times regarding the matter sued upon herein, the employees and Board Members of the Defendant Harrah Public School District were acting under and within the scope of their employment and/or as agents of Defendant Harrah Public Schools and Defendant Harrah H.S.

4.  By letter dated November 18, 2019, the Risk Management Department of the State of Oklahoma formally denied the Plaintiff's claims pursuant to the Governmental Tort Claims Act specifically denying any negligence on the part of the State of Oklahoma and alleging that the Defendant Harrah Public Schools does not have their tort claims coverage through the Office of Management and Enterprises Services, Risk Management Department. The claims of the Plaintiff against the State of Oklahoma were deemed denied as of November 19, 2019.

5.  On or about November 4, 2019, the Defendant, Harrah Public Schools, was served with formal notice of the Plaintiff's claims pursuant to the Governmental Tort Claims Act. On or about November 4, 2019, the Defendant, Harrah H.S., was served with formal notice of the Plaintiff's claims pursuant to the Governmental Tort Claims Act. Defendant, Harrah H.S. and Defendant, Harrah Public Schools, failed to respond to the Plaintiff's Notice of Claim and the Plaintiff's claims against these Defendants were deemed denied by operation of law. This action is timely filed against Defendant, Harrah H.S. and Defendant, Harrah Public Schools, within the time prescribed by the Oklahoma Governmental Tort Claims Act.

6.  The incident that gives rise to the Plaintiff's Claims for Relief set forth herein occurred in Oklahoma County, State of Oklahoma. Venue is proper in Oklahoma County, State of Oklahoma.

7.  Upon information and belief, at all times relevant to this action, the Defendant,

Petition                              Lawson v. Harrah Public Schools                    Page 2 of 18
                              **District Court of Oklahoma County**

Charles James Copeland was a resident of Oklahoma County, Oklahoma, and this Court has personal jurisdiction over him.

## CLAIMS FOR RELIEF

8. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 7 above by reference as if fully set forth herein below, and further alleges and states as follows:

9. On or about March of 2019, Plaintiff's minor child, H.M., was a freshman at the Harrah High School when she was encouraged and solicited for sexual conduct by employee Charles James Copeland, whom later committed sexual battery on the minor child resulting in severe mental injuries, pain and suffering.

10. At the time of this sexual battery, the minor child was under the security, supervision, custody and control of the personnel, agents, servants and/or employees at the Defendant, Harrah H.S., including the Defendant, Charles James Copeland, who was the acting Harrah high school baseball coach.

11. It was well known by both Defendant, Harrah H.S., and Defendant, Harrah Public Schools, that this type of conduct of Charles James Copeland had occurred in the past.

12. Despite this knowledge, neither Defendant Harrah H.S., nor Defendant Harrah Public Schools took any action to stop this conduct or to protect its students, including H.M., from further acts of sexual battery.

13. H.M. was a member of a limited and specifically definable group, i.e. freshman, underclassmen in the legal custody and control of Harrah High School. The actions and/or omissions of Defendants, Harrah H.S., Harrah Public Schools and Copeland either created the danger of further abuse to H.M. or increased the vulnerability of H.M. to the danger of being subjected to abuse. The actions and/or omissions of Defendant,

Charles James Copeland, further placed H.M. at substantial risk of serious, immediate, and proximate harm which was obvious and known. Despite such obvious and known risks to H.M., these Defendants acted recklessly and in conscious disregard of those risks. Their conduct, based on the injuries which were inflicted upon H.M., evidences deliberate indifference to the rights and welfare of H.M. and shocks the conscience sufficient to overcome and negate any presumption of acting in good faith.

14. At all relevant times, the law on which the Plaintiff relies to establish a violation of the rights of H.M. was well established so that the contours of her rights were sufficiently clear so that a reasonable official would understand that what he did violated those rights.

15. As a result of the conduct of the Defendants, and each of them as more fully set forth herein below, the Plaintiff's minor child, H.M., has and will suffer injuries which are permanent, painful and progressive, and the injuries will cause future pain and suffering, medical expenses, mental injuries, including loss of enjoyment of life, and the Plaintiff has been damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## CLAIMS FOR RELIEF AGAINST DEFENDANT, HARRAH PUBLIC SCHOOLS

16. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 15

above by reference as if fully set forth herein below, and further alleges and states as follows:

17. At all times relevant to this action, H.M., was enrolled and was an active student at Harrah High School and he was under the security, supervision, custody and control

of the personnel, agents, servants and/or employees at the Defendant, Harrah Public Schools, including the Defendant, Charles James Copeland, who was the acting Harrah high school baseball coach.

18. On or about March 2019, sexual assault to H.M. occurred when employee of Defendant, Harrah Public Schools, a coach, Defendant, Charles James Copeland, began sexually harassing H.M. by electronic means and later sexually battered H.M.

19. At all times relevant herein and at the time of the incident that gives rise to this action, the Defendant Harrah Public Schools, was on notice and was specifically aware of similar conduct that occurred prior to the incident involving the Plaintiff, H.M. Defendant Harrah Public Schools was specifically aware of similar incidents involving Charles James Copeland and other female students. Defendant failed to establish, adopt, implement and/or follow any rules, policies, procedures, code of conduct or protocols to assure students or athletes could participate safely and without fear of the same event occurring again to students such as the minor here, H.M.

20. Defendants Harrah H.S. and Harrah Public Schools by and through the superintendent, board of directors, Principal, administrators, coaches, teachers, and/or personnel failed and refused to educate the staff and/or students and further failed to implement policies and/or procedures and/or rules of conduct that would have prevented the battery, abuse and injuries to the Plaintiff, H.M.

## FIRST CAUSE OF ACTION AGAINST HARRAH PUBLIC SCHOOLS

### Violation of TITLE IX of Education Act Amendments of 1972

21. Plaintiff realleges and incorporates the allegations set forth in Paragraphs I thru 20 above by reference as if fully set forth herein below, and further alleges and states as follows:

22. At all times material herein, Defendant Harrah Public Schools has received federal education funds and has been subject to Title IX, 20 U.S. §§1681, et seq.

23. Defendant Harrah Public Schools is an "educational institution" as defined in 20 U.S.C, 51681(c).

24. The type of teacher-student sexual harassment and battery described here constitutes sexual assault that is so severe and objectively offensive that it would deprive the student of the educational benefits of the school.

25. Defendant Harrah Public Schools had actual knowledge of the teacher-on-student assaults occurring in its school but, and with deliberate indifference, failed to take any action to stop them.

26. Defendant Harrah Public Schools' failure to stop this ongoing assault created a hostile educational environment which was so severe, pervasive, and objectively offensive that it undermined and detracted from Plaintiff's educational experience and resulted in the Plaintiff being denied the benefit of and participation in Defendant Harrah Public Schools' resources and opportunities.

27. The abuse deprived H.M. of equal protection, substantive and procedural due process, her property right to an education, and her liberty interest to be free from sexual abuse at school.

28. The acts and omissions of the Defendant Harrah Public Schools as alleged herein denied Plaintiff the benefits of the educational program offered by the School District and constituted discrimination on the basis of sex in violation of 20 U.S.C. S 1981 (a).

29. The conduct of Defendant Harrah Public Schools, was grossly negligent and/or willful and wanton and intentional, and demonstrated a reckless disregard for the rights of others, including H.M., and such conduct warrants the imposition of punitive or

exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION AGAINST HARRAH PUBLIC SCHOOLS

## United States Constitutional Rights- 42 U.S.C. §1983

### FOURTEENTH AMENDMENT

30. Plaintiff realleges and incorporates the allegations set forth in Paragraphs I thru 29 above by reference as if fully set forth herein below, and further alleges and states as follows:

31. Plaintiff's claims arise under the United States Constitution guaranteed to all citizens under the Fourteenth Amendment and actionable pursuant to 42 U.S.C. 1983.

32. Defendant Harrah Public Schools, at all times herein, was operating or working under color of law and as an agent of a governmental entity and political subdivision in the State of Oklahoma.

33. H.M. has been deprived of her federally-protected property interest in her continued education and the right to be free from sexual harassment and molestation as guaranteed by the Fourteenth Amendment to the United States Constitution.

34. Defendant Harrah Public Schools through its failure to take any action related to the known and ongoing assaults taking place in its School established a policy, custom, usage, and practice, which allowed the abuse upon H.M. to occur here.

35. The Defendant Harrah Public Schools' conduct demonstrates a representation of an official policy, practice, and custom as evidenced by the deliberate indifference and reckless disregard for H.M.'s rights to be free from sexual assault and harassment while under the supervision of Defendants.

36. Further, the acts and omissions of the Defendants, as alleged herein, constituted intentional discrimination on the basis of sex in violation of H.M. 's rights to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

37. The conduct of Defendant Harrah Public Schools was grossly negligent and/or willful and wanton and intentional, and demonstrated a reckless disregard for the rights of others, including H.M., and such conduct warrants the imposition of punitive or exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## THIRD CAUSE OF ACTION AGAINST HARRAH PUBLIC SCHOOLS

### Negligence

38. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 37 above by reference as if fully set forth herein below, and further alleges and states as follows:

39. Defendant Harrah Public Schools had an affirmative duty to provide a safe premises for the students of its District.

40. Defendant Harrah Public Schools knew or should have known of the substantial risk of sexual assault to its students, and Defendant Harrah Public Schools negligently failed to protect
H.M. from such assault.

41. As a direct and proximate result of Defendant Harrah Public Schools' aforesaid acts and conduct and the injuries resulting therefrom, Plaintiff sustained physical injury, mental injury and mental anguish, pain, and suffering.

Ex. 1-Petition

42. The conduct of Defendant Harrah Public Schools was grossly negligent and/or willful and wanton and intentional, and demonstrated a reckless disregard for the rights of others, including H.M., and such conduct warrants the imposition of punitive or exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## CLAIMS FOR RELIEF AGAINST DEFENDANT HARRAH HIGH SCHOOL

43. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 42 above by reference as if fully set forth herein below, and further alleges and states as follows:

44. At all times herein, H.M., was a student under the custody and control of Defendant,

Harrah Public Schools, and was present at Defendant, Harrah H.S..

45. On or about March 2019, sexual assault to H.M. occurred when employee of Defendant, Harrah Public Schools, a coach, Defendant, Charles James Copeland, began sexually harassing H.M. by electronic means and later sexually battered H.M..

46. At all times relevant herein, agents, servants and/or employee of Defendant Harrah H.S. had actual knowledge of similar conduct of Copeland prior to the incident that is the subject of this action. Defendant Harrah H.S. failed to adopt and/or implement, enforce and/or follow safety protocols policies and/or procedures to keep students, including Plaintiff, H.M. free from physical neglect and abuse.

47. Defendant Harrah H.S. was specifically aware that a prior student had been sexually harassed in substantially the same manner as the Plaintiff, H.M. prior to March, 2019. Defendant, Harrah H.S. by and through its superintendent, board of directors, principal, administrators, coaches, teachers, and/or personnel failed and refused to

implement or establish, adopt and/or follow any rules, policies, procedures, code of conduct or protocols that would have alerted personnel and employees of the potential dangers and would have prevented the assault, abuse and injuries to the Plaintiff, H.M. As a direct and proximate result of negligent conduct of Defendant, Harrah H.S., and its respective agent, servants and/or employees, H.M. has suffered severe permanent injuries.

## FIRST CAUSE OF ACTION AGAINST HARRAH H.S.

## Violation of TITLE IX of Education Act Amendments of 1972

48. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 47 above by reference as if fully set forth herein below, and further alleges and states as follows:

49. At all times material herein, Defendant Harrah H.S. has received federal education funds and has been subject to Title IX, 20 U.S. "1681, et seq.

50. Defendant Harrah H.S. is an "educational institution" as defined in 20 U.S.C. 51681(c).

51. The type of teacher-on-student sexual harassment described here constitutes sexual assault that is so severe and objectively offensive that it would deprive the student of the educational benefits of the school.

52. Defendant Harrah H.S. had actual knowledge of the teacher-on-student assaults occurring in its school but, and with deliberate indifference, failed to take any action to stop them.

53. Defendant Harrah H.S.'s failure to stop these ongoing assaults created a hostile educational environment which was so severe, pervasive, and objectively offensive that it undermined and detracted from Plaintiff H.M.'s educational experience and resulted

in the Plaintiff H.M. being denied the benefit of and participation in Defendant Harrah H.S.'s resources and opportunities.

54. The abuse deprived Plaintiff H.M. of equal protection, substantive and procedural due process, her property right to an education, and her liberty interest to be free from sexual abuse at school.

55. The acts and omissions of the Defendant Harrah H.S. as alleged herein denied Plaintiff the benefits of the educational program offered by the Harrah H.S. and constituted discrimination on the basis of sex in violation of 20 U.S.C. §1981(a).

56. The conduct of Defendant, Harrah H.S., was grossly negligent and/or willful and wanton and intentional, and demonstrated a reckless disregard for the rights of others, including

H.M., and such conduct warrants the imposition of punitive or exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION AGAINST HARRAH H.S.

### United States Constitutional Rights- 42 U.S.C. S1983

### FOURTEENTH AMENDMENT

57. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 56 above by reference as if fully set forth herein below, and further alleges and states as follows:

58. Plaintiff's claims arise under the United States Constitution guaranteed to all citizens under the Fourteenth Amendment and actionable pursuant to 42 U. S.C. §1983.

59. Defendant Harrah H.S., at all times herein, was operating or working under color of law and as an agent of a governmental entity and political subdivision in the State of Oklahoma.

60. H.M. has been deprived of her federally-protected property interest in her continued education and the right to be free from sexual harassment and molestation as guaranteed by the Fourteenth Amendment to the United States Constitution.

61. Defendant Harrah H.S., through its failure to take any action related to the known and ongoing assaults taking place in its School established a policy, custom, usage, and practice, which allowed the abuse upon H.M. to occur here.

62. The Defendant Harrah H.S.'s conduct demonstrates a representation of an official policy, practice, and custom as evidenced by the deliberate indifference and reckless disregard for

H.M.'s rights to be free from sexual assault and harassment while under the supervision of Defendants.

63. Further, the acts and omissions of the Defendants, as alleged herein, constituted intentional discrimination on the basis of sex in violation of H.M. 's rights to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

64. The conduct of Defendant, Harrah H.S., was grossly negligent and/or willful and wanton and intentional, and demonstrated a reckless disregard for the rights of others, including

H.M., and such conduct warrants the imposition of punitive or exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

### THIRD CAUSE OF ACTION AGAINST HARRAH H.S.

### Negligence

65. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 64 above by reference as if fully set forth herein below, and further alleges and states as follows:

66. Defendant Harrah H.S. had an affirmative duty to provide a safe premises for the students of its District.

67. Defendant Harrah H.S. knew or should have known of the substantial risk of sexual assault to its students, and Defendant Harrah H.S. negligently failed to protect H.M. from such assault.

68. As a direct and proximate result of Defendant Harrah H.S.'s aforesaid acts and conduct and the injuries resulting therefrom, Plaintiff sustained physical injury and mental anguish, pain, and suffering.

69. The conduct of Defendant, Harrah H.S., was grossly negligent and/or willful and wanton and intentional, and demonstrated a reckless disregard for the rights of others, including

H.M., and such conduct warrants the imposition of punitive or exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## CLAIM FOR RELIEF AGAINST DEFENDANT Charles James Copeland

70. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 72 above by reference as if fully set forth herein below, and further alleges and states as follows:

71. Defendant, Charles James Copeland, was a teacher and baseball coach employed by the Defendants, Harrah Public Schools and/or Harrah H.S. and was responsible for the safe supervision of students at the high school, including Plaintiff, H.M. Defendant, Charles James Copeland, is sued in his individual and official capacities and at all time

material hereto was acting in concert and under color of state law, policy, custom or usage.

72. This Claim for Relief brought by the Plaintiff is for violation of the Substantive Due Process right of her minor daughter, H.M., to be reasonably safe from harm as guaranteed by the Fourteenth Amendment to the United States Constitution.

73. Defendant, Copeland acting in concert with the leaders of the Harrah H.S. High School, the administration and the board of directors of the Harrah Public School District acted with deliberate indifference and/or reckless disregard and under color of state law, violated Harrah Public School and/or state-mandated policies and procedures, as well as the Substantive Due Process Rights of H.M., by:

   a. Sexually harassing H.M. and committing sexual battery upon her person;

   b. Failing to protect H.M.

74. Defendant, Copeland, failed to exercise professional judgement and acted with deliberate indifference and/or reckless disregard in failing to carry out and properly follow constitutional and/or state-mandated policies and procedures with respect to H.M., and specifically assaulting and battering H.M.'s person.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT COPELAND

### United States Constitutional Rights- 42 U.S.C. §1983

75. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 77 above by reference as if fully set forth herein below, and further alleges and states as follows:

76. Plaintiff's claims arise under the United States Constitution guaranteed to all citizens under the Fourteenth Amendment and actionable pursuant to 42 U.S.C. §1983.

77. Defendant Copeland, at all times herein, was operating or working under color of law and as an agent of a governmental entity and political subdivision in the State of Oklahoma.

78. H.M. has been deprived of her federally-protected property interest in her continued education and the right to be free from sexual harassment and molestation as guaranteed by the Fourteenth Amendment to the United States Constitution.

79. The Defendant Copeland's conduct demonstrates a representation of an official policy, practice, and custom as evidenced by the deliberate indifference and reckless disregard for
H.M.'s rights to be free from sexual assault and harassment while under the supervision of Defendants.

80. Further, the acts and omissions of the Defendants, as alleged herein, constituted intentional discrimination on the basis of sex in violation of H.M. 's rights to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

81. As a direct and proximate result of Defendant, Copeland's violations of constitutional, and/or state mandated policies and procedures, H.M.'s constitutional right to be reasonably safe from harm while in the care, custody and control of Harrah H.S. were violated.

82. Defendant, Copeland, acting in concert with the administration of the Defendants and under color of state law, violated H.M.'s constitutional right to be reasonably safe from harm and directly and proximately caused H.M. to endure serious and great mental and emotional distress, embarrassment and continued psychological damage.

83. As a direct and proximate result of the conduct of the Defendant Copeland, the minor Plaintiff, H.M., suffered serious injury to mind and body and will suffer from the injury in the future. Said injuries are permanent, progressive and severe for which H.M. has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION AGAINST DEFENDANT COPELAND

## Negligence

84. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 87 above by reference as if fully set forth herein below, and further alleges and states as follows:

Defendant Copeland had an affirmative duty to provide a safe premises for the students of Harrah H.S.

85. Defendant Copeland negligently failed to protect H.M. from sexual assault.

86. As a direct and proximate result of Defendant Copeland's aforesaid acts and conduct and the injuries resulting therefrom, Plaintiff sustained mental anguish, pain, and suffering.

87. The conduct of Defendant, Copeland, was grossly negligent and/or willful and wanton and intentional, and demonstrated a reckless disregard for the rights of others, including H.M., and such conduct warrants the imposition of punitive or exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## CLAIMS FOR RELIEF OF THE PARENT AND NEXT FRIEND OF H.M.

88. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 92 above by reference as if fully set forth herein below, and further alleges and states as follows:

89. As a direct and proximate result of the conduct of the Defendants, and each of them, as set forth herein above, in causing injury to H.M., the Plaintiff, Amanda Lawson, has incurred medical expenses, lost income and has been deprived of the relationship, companionship and association of her daughter, H.M. for which the Defendants are liable to the Plaintiff individually in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## CLAIM FOR RELIEF - PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

90. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 94 above by reference as if fully set forth herein below, and further alleges and states as follows:

91. The Defendants, and each of them, are hereby placed on notice that the Plaintiff may seek an instruction form the Court that would allow the Jury to return a verdict for punitive damages in the event the evidence justifies such an instruction.

WHEREFORE, the Plaintiff, Amanda Lawson, Individually and as Parent and Next Friend, of H.M., a minor, respectfully requests that this Court enter judgement against the Defendants, and each of them, as set forth herein above in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus attorney fees and costs of this action and for such further relief as this Court deems just and equitable.

Respectfully submitted,

Nichole Gillett, OBA #30893
Banks, Gillett, & Gillett, PLLC.
430 NW 5th St.
Oklahoma City, OK 73102
T: 405.607.4800
F: 405.698.1215

**ATTORNEY LIEN CLAIMED**

VERIFICATION

STATE OF OKLAHOMA                                    )

                                                       SS:

COUNTY OF Oklahoma                                    )

I, Amanda Lawson                                                                  , of lawful age, being first
duly sworn upon his/her oath, states:

That   he/she   has   read   the   above   and   foregoing   document,   namely,
_____Petition_____and  knows  the
contents thereof, and that the statements, allegations and facts therein set forth are true and
correct to the best of his/her information, knowledge and belief.

X _____Amanda Lawson_____

X _____Amanda Lawson_____
                                                       Printed name
Subscribed and sworn to before me this  9  day of  March, 2020

                                                       _____
                                                       Notary Public

(SEAL)

1 of 1