IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) AMANDA LAWSON, INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF H.M., A MINOR,** | |
| **PLAINTIFF** | |
| **VS.** | **CASE NO. CIV-20-953-J** |
| **(1) HARRAH HIGH SCHOOL,**<br>**(2) HARRAH PUBLIC SCHOOLS,**<br>**(3) CHARLES JAMES COPELAND,** | |
| **DEFENDANTS.** | |

## DISTRICT'S PARTIAL MOTION TO DISMISS
## AND BRIEF IN SUPPORT

F. ANDREW FUGITT, OBA #10302
JUSTIN C. CLIBURN, OBA #32223
THE CENTER FOR EDUCATION LAW, P.C.
900 N. BROADWAY AVE, SUITE 300
OKLAHOMA CITY, OK 73102
TELEPHONE: (405) 528-2800
FACSIMILE:   (405) 528-5800
E-MAIL: AFUGITT@CFEL.COM
E-MAIL: JCLIBURN@CFEL.COM
ATTORNEYS FOR DISTRICT AND HIGH SCHOOL

### CONTENTS

INTRODUCTION.................................................................................................1

STANDARD OF REVIEW ....................................................................................2

ARGUMENT AND AUTHORITY.........................................................................3

PROPOSITION I:          Harrah High School is not a legal entity capable of being sued..3

PROPOSITION II:          Plaintiff fails to assert a claim under Title IX. ...........................4

PROPOSITION III:          Plaintiff fails to assert a claim under 42 U.S.C. § 1983...............7

A.          Due Process Clause. .......................................................................7

B.          Equal Protection Clause..................................................................10

PROPOSITION IV: Plaintiff fails to state a claim under the danger creation theory. ..............11

A.          Affirmative conduct.......................................................................12

B.          Private violence .............................................................................14

C.          Conduct aimed at H.M......................................................................15

D.          Even if Plaintiff established a prima facie case under the danger creation theory, it fails the six-part *Armijo* test. ..................................................16

PROPOSITION V:          Under the GTCA, District cannot be held liable for Copeland's intentional torts as a matter of law...............................................................18

PROPOSITION VI:          District cannot be liable for punitive damages. .........................20

CONCLUSION.....................................................................................................21

CERTIFICATE OF SERVICE ..............................................................................22

**PAGE(S)**

### FEDERAL CASES

*Armijo by & Through Chavez v. Wagon Mound Pub. Sch.,*
  159 F.3d 1253 (10th Cir. 1998) ...................................................................16
*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .........................2
*Ashford v. Edmond Pub. Sch. Dist.,*
  822 F. Supp. 2d 1189 (W.D. Okla. 2011) ...................................................10
*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..........................2
*Butler v. City of Norman,*
  992 F.2d 1053 (10th Cir. 1993) ...................................................................10
*City of Cleburne v. Cleburne Living Ctr.,*
  473 U.S. 432, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) ...........................10
*City of Newport v. Fact Concerts, Inc.,*
  453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) ...........................20
*Cnty. of Sacramento v. Lewis,*
  523 U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) .........................8
*Covey v. Lexington Pub. Sch.,*
  2010 WL 5092781 (Order on Motion to Dismiss, W.D. Okla. Oct. 7, 2010) .....................19
*Culbertson v. Fletcher Pub. Sch.,*
  2011 WL 3477112 (Order on Motion to Dismiss, W.D. Okla. Aug. 9, 2011) ...................19
*Curtis v. Okla. City Pub. Sch. Bd. of Educ.,*
  147 F.3d 1200 (10th Cir. 1998) .....................................................................9
*Daniels v. Williams,*
  474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) ...............................8
*Davis v. Monroe Cnty. Bd. of Educ.,*
  526 U.S. 629, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999) .......................4, 5
*DeShaney v. Winnebago Cnty. Dep't of Social Servs.,*
  489 U.S. 189, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989) .............................8
*Dill v. City of Edmond,*
  155 F.3d 1193 (10th Cir. 1998) ...................................................................20
*Doe v. Green,*
  298 F. Supp. 2d 1025 (D. Nev. 2004) ............................................................5
*Elizabeth S. v. Okla. City Pub. Schs.,*
  No. CIV–08–105–M, 2008 WL 4147572 (W.D. Okla. Sept. 3, 2008)................................20
*Escue v. N. Okla. Coll.,*
  450 F.3d 1146 (10th Cir. 2006) ..................................................................5, 6
*Estate of B.I.C. v. Gillen,*
  710 F.3d 1168 (10th Cir. 2013) ...............................................................13, 14
*Farmer v. Kansas State Univ.,*
  918 F.3d 1094 (10th Cir. 2019) ...................................................................16

*G.C. ex rel. Counts v. N. Clackamas Sch. Dist.,*
  654 F. Supp. 2d 1226 (D. Ore. 2009) ...................................................................14
*Gebser v. Lago Vista Indep. Sch. Dist.,*
  524 U.S. 274, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998) ...............................5
*Graham v. Indep. Sch. Dist. No. I-89,*
  22 F.3d 991 (10th Cir. 1994).............................................................12, 13, 15
*Gray v. Univ. of Colo. Hosp. Auth.,*
  672 F.3d 909 (10th Cir. 2012) ............................................................12, 14, 15
*Hernandez v. Ridley, et al,*
  734 F.3d 1254 (10th Cir. 2013) ....................................................................17
*Holloway ex rel. Estate of Holloway v. The City of Suffolk, VA,*
  660 F. Supp. 2d 693 (E.D. Va. 2009) ...............................................................8
*Jackson v. City of Highland Park,*
  2015 WL 3409013 (E.D. Mich. 2015) ...............................................................9
*Liebson v. N.M. Corr. Dept.,*
  73 F.3d 274 (10th Cir. 1996)...........................................................................15
*Mercer v. Duke Univ.,*
  401 F.3d 199 (4th Cir. 2005)..........................................................................20
*Monroe v. Pape,*
  365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961) .......................................7
*Moquett v. Town of Rock Island,*
  2015 WL 3952276 (E.D. Okla. 2015) ...............................................................9
*Morrison v. Garraghty,*
  239 F.3d 648 (4th Cir. 2001)...........................................................................11
*Moss v. Kopp,*
  559 F.3d 1155 (10th Cir. 2009) ........................................................................9
*Murrell v. Sch. Dist. No. 1, Denver, Colo.,*
  186 F.3d 1238 (10th Cir. 1999) ..............................................................5, 8, 10
*Najera v. Indep. Sch. Dist. of Stroud No. 1-54 of Lincoln Cnty.,*
  60 F. Supp. 3d 1202 (W.D. Okla. 2014)..........................................................20
*Nation v. Piedmont Indep. Sch. Dist. No. 22,*
  2019 WL 4452953 (W.D. Okla. Sept. 17, 2019) .............................................11
*Parratt v. Taylor,*
  451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) .................................8
*Reed v. Gardner,*
  986 F.2d 1122 (7th Cir. 1993) ........................................................................13
*Robbins v. Oklahoma,*
  519 F.3d 1242 (10th Cir. 2008) .............................................................2, 3, 12
*Rost v. Steamboat Springs RE-2 Sch. Dist.,*
  511 F.3d 1114 (10th Cir. 2008) ...........................................................8, 16, 17
*Ruiz v. McDonnell,*
  299 F.3d 1173 (10th Cir. 2002) .............................................................12, 13
*San Antonio Indep. Sch. Dist. v. Rodriguez,*
  411 U.S. 1, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1973) .......................................11

*Seamons v. Snow,*
  84 F.3d 1226 (10th Cir. 1996) ............................................................4
*Seegmiller v. LaVerkin City,*
  528 F.3d 762 (10th Cir. 2008) ..........................................................17
*Sutton v. Utah State Sch. for the Deaf and Blind,*
  173 F.3d 1226 (10th Cir. 1999) ........................................................15
*Swanson v. Bixler,*
  750 F.2d 810 (10th Cir. 1984) ............................................................2
*Uhlrig v. Harder,*
  64 F.3d 567 (10th Cir. 1995)...............................................15, 16, 17
*Waybright v. Frederick Cnty.,*
  528 F.3d 199 (4th Cir. 2008)...............................................................8
*Williams v. Hansen,*
  326 F.3d 569 (4th Cir. 2003).............................................................11

### STATE CASES

*Fehring v. State Ins. Fund,*
  2001 OK 11, 19 P.3d 276 .................................................................18
*Gowens v. Barstow,*
  2015 OK 85, 364 P.3d 644 ...............................................................19
*Indep. Sch. Dist. No. 8 of Seiling v. Swanson,*
  1976 OK 71, 553 P.2d 296 .................................................................9
*McMullen v. City of Del City,*
  1996 OK CIV APP 46, 920 P.2d 528 ...............................................18
*Parker v. City of Midwest City,*
  1993 OK 29, 850 P.2d 1065 .............................................................18
*Tuffy's, Inc. v. City of Okla. City,*
  2009 OK 4, 212 P.3d 1158 ...............................................................18

### FEDERAL STATUTES

20 U.S.C. § 1681 ...................................................................................4
20 U.S.C. § 1681(a) .....................................................................1, 4, 21
42 U.S.C. § 1983 ...........................................................................passim
U.S. Const. amend. XIV, § 1..........................................................7, 10

### STATE STATUTES

21 O.S. § 1040.13a.............................................................................19
21 O.S. § 1123(B) ..............................................................................19
51 O.S. § 152(11) .................................................................................4
51 O.S. § 152(9) .................................................................................18
51 O.S. § 153 ......................................................................................18
51 O.S. § 153(A) ................................................................................18

51 O.S. § 154(B) .................................................................................................................20

51 O.S. § 163(C) .................................................................................................................4

70 O.S. § 5 .......................................................................................................................3, 9

### FEDERAL RULES

Fed. R. Civ. P. 12(b)(6) .....................................................................................................1

Defendants—Harrah Public Schools ("District") and Harrah High School ("High School")—move for partial dismissal of Plaintiff's Petition for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

This case is about whether a public school district may be sued for federal constitutional and statutory violations—based on the intentional torts of an employee—when the plaintiff pleads no facts supporting her allegations of notice and deliberate indifference. Under the standards of *Twombly* and *Iqbal*, *infra*, Plaintiff's Petition fails to state a claim, and District moves for dismissal.

Plaintiff sued on March 9, 2020, alleging: (1) District employee Charles James Copeland encouraged, solicited, and committed sexual battery on the minor Plaintiff, H.M.; (2) District was aware of prior, similar abuse involving other students; (3) District failed to protect H.M. from the abuse; and (4) District is liable for Copeland's actions. Doc. No. 1-1, Pet., ¶¶ 9–12. The Petition asserts claims under Title IX and 42 U.S.C. § 1983, and one for negligence. District was served on September 3, 2020 and filed a Notice of Removal on September 22, 2020. District moves to dismiss:

1.   All claims against High School because it is not a legal entity capable of being sued;

2.   All claims brought under Title IX because the Petition fails to state a claim under 20 U.S.C. § 1681(a);

3.   All claims brought under 42 U.S.C. § 1983 because the Petition fails to state a claim for violation of H.M.'s rights under the 14th Amendment to the U.S. Constitution;

4.    All claims under the substantive due process danger creation theory because the Petition fails to state a prima facie case under the theory;

5.    All claims against District for the intentional torts of Defendant Copeland because District cannot be liable for intentional torts as a matter of law; and

6.    All claims for punitive damages against District because they are unavailable under the Governmental Tort Claims Act ("GTCA"), 42 U.S.C. § 1983, and Title IX.

## STANDARD OF REVIEW

When courts consider a motion to dismiss for failure to state a claim, they must view the allegations in the light most favorable to the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). But legal conclusions are not assumed to be true; while they can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

A complaint requires more than labels and conclusions, and a mere recitation of the elements of a cause of action is not sufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that she is entitled to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (emphasis added).

One purpose of the plausibility requirement is judicial economy: it "weed[s] out claims that do not (in the absence of additional allegations) have a reasonable prospect of success." *Id.* at 1248 Another purpose is "to inform the defendants of the actual grounds of the claim

against them." *Id.* The "degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context," which ultimately depends on the case. *Id.*

## ARGUMENT AND AUTHORITY

**PROPOSITION I:**     **HARRAH HIGH SCHOOL IS NOT A LEGAL ENTITY CAPABLE OF BEING SUED.**

Plaintiff has named Harrah High School in the style of the case and alleges claims against Harrah High School in the Petition. Doc. No. 1-1, Pet., ¶¶ 48–56, 57–64, 65–69. In Oklahoma, a separate school building or school site is not a separate corporate body and has no legal existence independent of its governing school district. A school district is the corporate body possessing the powers of a corporation for public purposes. 70 O.S. § 5–105. A school district may only sue and be sued by the name and style of "Independent School District Number . . ." *Id.* The "governing body" of each school district is referred to as the "board of education." 70 O.S. § 5–106.

High School is not a separate legal entity capable of being sued. Rather, Harrah Public Schools is the commonly known name of Independent School District No. I-007 of Oklahoma County, and High School is a school site within the district. Plaintiff has named and served Independent School District No. I-007 of Oklahoma County ("District") which is the appropriate legal entity. Plaintiff's claims against High School are duplicative of those claims against District and should therefore be dismissed.

Additionally, the Third Cause of Action against High School asserts it is liable for negligence. Doc. No. 1-1, Pet., ¶¶ 65–69. Claims of negligence are governed by the GTCA,

which provides that "Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established." 51 O.S. § 163(C). The GTCA defines a school district as a political subdivision. 51 O.S. § 152(11). Plaintiff's negligence claim against High School is duplicative of the negligence claim against District, and District concedes it would be liable for any negligent acts or omissions of High School. Thus, the claims against High School should be dismissed and the case style should be revised to reflect District and Copeland as the correct Defendants.

**PROPOSITION II:   PLAINTIFF FAILS TO ASSERT A CLAIM UNDER TITLE IX.**

Plaintiff claims the actions of District violated H.M.s' rights under 20 U.S.C. § 1681 ("Title IX"), which provides "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." 20 U.S.C. § 1681(a). To succeed on a Title IX claim, a plaintiff must show: (1) "she was excluded from participation in, denied the benefits of, or subjected to discrimination in an educational program; (2) [the] program receives federal assistance; and (3) [the] exclusion from the program was on the basis of sex." *Seamons v. Snow*, 84 F.3d 1226, 1232 (10th Cir. 1996). Under Title IX, a school district is not vicariously liable to its students for all harassment caused by teachers; rather a school is "only liable for its own misconduct." *Davis v. Monroe Cnty. Bd. of Educ.,* 526 U.S. 629, 640, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999).

To state a harassment claim under Title IX, a plaintiff must allege the defendant (1) had actual knowledge of, and (2) was deliberately indifferent to, (3) harassment that was so severe,

pervasive, and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school. *Murrell v. Sch. Dist. No. 1, Denver, Colo.,* 186 F.3d 1238, 1246 (10th Cir. 1999), citing *Davis*, 119 S. Ct. at 1671–72; *see also Escue v. N. Okla. Coll.,* 450 F.3d 1146, 1152 (10th Cir. 2006). In other words, Title IX is based upon "notice to an appropriate person and an opportunity to rectify any violation." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998). For actual notice to exist, a school must have "actual knowledge of a *substantial risk* of abuse to students based on prior complaints by other students." *Doe v. Green,* 298 F. Supp. 2d 1025, 1033 (D. Nev. 2004) (emphasis added).[1]

In *Gebser v. Lago Vista Indep. Sch. Dist.,* the Supreme Court held parents' complaints that a teacher made inappropriate comments during class did not alert the principal of a sexual relationship between the teacher and the student plaintiff. *Gebser*, 524 U.S. at 291. In *Escue v. N. Okla. Coll.,* a student brought a Title IX claim against a college alleging a professor inappropriately touched her without her consent and made numerous sexual comments about her. *Escue*, 450 F.3d at 1152. Before the alleged 2002 harassment, the college knew of previous harassment allegations involving the professor and other students. *Id.* at 1150–51. In 1993, two students filed sexual harassment complaints when the professor called one student a "butch" and slapped the other student on her buttocks. *Id.* at 1151. And, in 1995 or 1996, the college received an anonymous letter alleging the professor dated an older non-traditional student in 1991. *Id.* at 1151. However, the Tenth Circuit held the college did not have

---

[1] Although the U.S. Department of Education released new Title IX guidance in 2020, it is not applied retroactively. Fact Sheet: Final Title IX Regulation, *U.S. Department of Education*, https://sites.ed.gov/titleix/policy/#fact-sheet (accessed Sept. 28, 2020).

knowledge because the incidents of which it was aware were too dissimilar, too infrequent, or too distant in time to impose liability on the [college] for its inaction. *Id.* at 1153.

Although Plaintiff here alleges District "had actual knowledge of the teacher-on-student assaults occurring in its school, but and with deliberate indifference, failed to take any action to stop them[,]" she pleads no facts regarding what factual allegations of which District was aware, how District was aware, who within District was made aware, by whom they were made aware, or when they were made aware. *See* Doc. No. 1-1, Pet., ¶ 25. Paragraph 26 alleges a hostile educational environment so "severe, pervasive, and objectively offensive that it undermined and detracted from [H.M.]'s educational experience and resulted in [H.M.] being denied the benefit of and participation in [District]'s resources and opportunities," but she pleads no facts to support this allegation.

Paragraphs 11 and 47 allege District knew that Copeland engaged in similar conduct and was "specifically aware that a prior student had been sexually harassed in substantially the same manner as the Plaintiff," but she neither pleads facts showing District was aware of Copeland's alleged prior conduct nor pleads facts showing District was aware of Copeland's alleged prior abuse of H.M.

Plaintiff alleges no facts supporting the allegations in her Title IX claim. Neither does she allege any facts supporting her allegation District was aware of previous harassment. Plaintiff's allegations in Paragraphs 25, 26, and 47 merely recite the elements of a cause of action, which fails to meet the standard of *Iqbal* and *Twombly*. Finally, Plaintiff does not allege facts showing the purported prior notice involved Copeland. Any claims based on Title IX should be dismissed.

**PROPOSITION III:   PLAINTIFF FAILS TO ASSERT A CLAIM UNDER 42 U.S.C. § 1983.**

In her Second Cause of Action against District, Plaintiff claims District violated H.M.'s rights to equal protection under the 14th Amendment to the U.S. Constitution and asserts a cause of action under 42 U.S.C. § 1983. Doc. No. 1-1, Pet., ¶¶ 27, 31, 33, 36. Plaintiff alleges District denied H.M.'s rights by (1) "fail[ing] to take any action related to the known and ongoing assaults taking place in its school [. . .]," which "demonstrates a representation of an official policy, practice, and custom as evidenced by the deliberate indifference and reckless disregard for H.M.'s rights" and (2) "intentional[ly] discriminat[ing against H.M.] on the basis of sex in violation of" the Equal Protection Clause. Doc. No. 1-1, Pet., ¶¶ 34–36.

Section 1983 is the primary remedial statute for asserting federal civil rights claims against local public entities, officers, and employees. It is the codification of the Civil Rights Act of 1871—otherwise known as the "Ku Klux Klan Act." Its legislative purpose was to provide a federal court remedy when state governments and courts, "by reason of prejudice, passion, neglect, intolerance, or otherwise," were unwilling to enforce the due process rights of African-Americans guaranteed by the 14th Amendment. *Monroe v. Pape*, 365 U.S. 167, 180, 81 S. Ct. 473, 480, 5 L. Ed. 2d 492 (1961) (overruled on other grounds by *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

###### A.            DUE PROCESS CLAUSE.

The 14th Amendment's Due Process Clause provides no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "For a due process challenge [. . .] to succeed, <u>the general rule is that the action must have been 'intended to injure in some way unjustifiable by any government interest</u>.'"

*Waybright v. Frederick Cnty.,* 528 F.3d 199, 205 (4th Cir. 2008) (quoting *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 849, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)) (emphasis added). However, respondeat superior is not a valid theory for imposing § 1983 liability. *Sauers* at 1129.

The U.S. Supreme Court has repeatedly stated "the Due Process Clause of the 14th Amendment [. . .] does not transform every tort committed by a state actor into a constitutional violation." *Holloway ex rel. Estate of Holloway v. The City of Suffolk, VA*, 660 F. Supp. 2d 693, 697 (E.D. Va. 2009) (citing *DeShaney v. Winnebago Cnty. Dep't of Social Servs.,* 489 U.S. 189, 202, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)); *see also Daniels v. Williams,* 474 U.S. 327, 335–36, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Parratt v. Taylor,* 451 U.S. 527, 544, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

The *Monell* framework for asserting a violation of federal rights under § 1983 requires a plaintiff to establish the school district's actions were "representative of an official policy or custom" <u>or</u> "taken by an official with final policymaking authority." *Murrell v. Sch. Dist. No.1,* 186 F.3d 1238, 1249 (10th Cir. 1999); *see also Rost v. Steamboat Springs RE-2 Sch. Dist.,* 511 F.3d 1114, 1124 (10th Cir. 2008). Regarding an official policy, to subject a school district to liability, the policy must be officially promulgated and adopted by the appropriate officers. *Murrell* at 1249. To demonstrate an official policy exists, the plaintiff must show there is a policy statement, ordinance, regulation, or decision officially promulgated and adopted by the governmental entity leading to the constitutional violation. *Id.*

A complaint is insufficient if it does not allege a final policymaker took unconstitutional action or approved the allegedly unconstitutional conduct or that the conduct occurred

pursuant to a decision made by a policymaker. *Moss v. Kopp*, 559 F.3d 1155, 1168–69 (10th Cir. 2009; *see also Moquett v. Town of Rock Island*, 2015 WL 3952276, *4 (E.D. Okla. 2015) ("To merely state that a municipality has a policy or custom is not enough; a plaintiff must allege facts demonstrating the municipality's policy, such as examples of past situations where law enforcement officials have violated constitutional rights." *Jackson v. City of Highland Park*, 2015 WL 3409013, *5 (E.D. Mich. 2015)).

In Oklahoma, the board of education is the final policymaking authority for a public school district. 70 O.S. § 5–117. Neither a superintendent, nor a teacher, has final policymaking authority for a school district. Rather, under Oklahoma law, only a board of education is empowered to adopt rules or policies regarding learning and student safety. *Indep. Sch. Dist. No. 8 of Seiling v. Swanson*, 1976 OK 71, 553 P.2d 296; *Curtis v. Okla. City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200 (10th Cir. 1998).

Plaintiff's Petition pleads no policy statements, ordinances, regulations, or official decisions adopted by District's Board of Education, the final policymaking authority, which violated H.M.'s constitutional rights. Plaintiff alleges District "failed to establish, adopt, implement[,] and/or follow any rules, policies, procedures, code of conduct or protocols to assure students or athletes could participate safely and without fear" but the Petition identifies no policy or custom and fails to allege how the policy or custom harmed H.M. Doc. No. 1-1, Pet., ¶ 19. Without factual support, Plaintiff's Petition fails to allege facts demonstrating any District policy harmed H.M. and is merely a conclusory legal statement disfavored by federal courts.

Absent an official policy, the governmental entity may be held liable only if the discriminatory practice is so well-settled as to constitute a custom and practice. *Murrell* at 1249; *see also Monell* at 690–691; *Ashford v. Edmond Pub. Sch. Dist.*, 822 F. Supp. 2d 1189, 1199 (W.D. Okla. 2011). Proof of a single incident of unconstitutional activity (such as the allegation in Paragraph 27 that Copeland deprived H.M. of constitutional rights) cannot establish a policy or custom which would impose liability under § 1983. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Though Plaintiff generally alleges interference with H.M.'s constitutional rights, Plaintiff has alleged no <u>facts</u> which would demonstrate a custom or practice or that any actions taken by District's Board of Education resulted in a denial of H.M.'s rights. Instead, Plaintiff makes vague, conclusory allegations about District's alleged deliberate indifference. Plaintiff has failed to sufficiently plead a claim against District for municipal liability under 42 U.S.C. § 1983, and Plaintiff's § 1983 claims against District should be dismissed.

### B.        EQUAL PROTECTION CLAUSE.

Upon the same allegations, Plaintiff alleges District violated H.M.'s right to equal protection under the law. Doc. No. 1-1, Pet., ¶¶ 27, 63. This claim, as well, does not meet the standard for establishing an equal protection violation under § 1983. The Equal Protection Clause of the 14th Amendment provides that "No State shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. Equal protection "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985).

Stated differently, a plaintiff must plead sufficient facts to "demonstrate that [s]he has been treated differently from others with whom [s]he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Williams v. Hansen,* 326 F.3d 569, 576    (4th Cir. 2003)    (quoting    *Morrison v. Garraghty,*    239 F.3d 648, 654 (4th Cir. 2001)); *see also Nation v. Piedmont Indep. Sch. Dist. No. 22,* 2019 WL 4452953 (Order on Motion to Dismiss granting dismissal of inadequately pled equal protection claim, W.D. Okla. Sept. 17, 2019). The Supreme Court "has not identified education as a fundamental right." *San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 33–37, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1973).

Plaintiff alleges H.M. was a member of a limited and specifically-definable group—freshmen students—but she pleads no facts indicating H.M. was treated differently than other freshmen in the District. Doc. No. 1-1, Pet., ¶ 13. Plaintiff must allege facts to show H.M. was treated differently by District than similarly-situated freshmen–*and* that a custom or policy resulted in the deprivation. Plaintiff has not alleged H.M. was treated differently than any other freshman student or that any violation of H.M.'s equal protection rights arose from an official custom or policy. Plaintiff's claim for violation of H.M.'s equal protection rights should be dismissed.

## PROPOSITION IV:  PLAINTIFF FAILS TO STATE A CLAIM UNDER THE DANGER CREATION THEORY.

Plaintiff alleges District created a danger to H.M. or increased the vulnerability of H.M. to an existing danger. Doc. No. 1-1, Pet., ¶ 13. To state a substantive due process claim under the danger creation theory, a party must show (1) affirmative conduct by a state actor that

increased the plaintiff's vulnerability to, (2) private violence, and (3) conduct aimed directly at the plaintiff rather than the public at large. *Gray v. Univ. of Colo. Hosp. Auth.,* 672 F.3d 909, 920–921  n.8  (10th Cir. 2012),  quoting  *Graham v. Indep. Sch. Dist. No. I-89,* 22 F.3d 991, 995  (10th Cir. 1994).  Mere  negligence  is  not  enough  to  invoke  the  danger creation theory. *See Robbins v. Oklahoma,* 519 F.3d 1242, 1251 (10th Cir. 2008).

Plaintiff cannot bring a prima facie claim under the danger creation theory because (A) she pleads no affirmative conduct by District or its Board of Education; (B) all allegations in the Petition refer to state actors rather than private actors; and (C) the Petition includes no allegation that any conduct was directed at H.M. by a private actor. Any claim based on this theory should be dismissed.

## A.          AFFIRMATIVE CONDUCT

Under the danger creation theory, affirmative conduct "typically involves conduct that imposes an immediate threat of harm, which by its nature has a limited range and duration." *Id.* at 921. The danger creation theory requires affirmative conduct by the state in placing the plaintiff in danger. *Ruiz v. McDonnell,* 299 F.3d 1173 (10th Cir. 2002). "Affirmative conduct" is construed narrowly, and negligent or passive acts do not qualify.

In *Ruiz,* a child died from shaken baby syndrome while at a day care facility licensed by the Colorado Department of Human Services ("CDHS"). *Ruiz,* 299 F.3d at 1178. The mother received federal assistance to help pay for day care expenses, and the day care facility received federal funding. *Id.* The mother brought a substantive due process claim in federal court under § 1983 against CDHS because: (A) it was required by law to investigate the fitness of day care facilities and confirm they carried proper insurance before granting a license; and

(B) it licensed the day care facility despite the day care facility owners' history of domestic violence and lack of proper insurance coverage. *Id.* The trial court granted CDHS's motion to dismiss, and the mother appealed. *Id.*

Although the plaintiff alleged violence by a private actor (the day care employee(s)), the Tenth Circuit affirmed dismissal because: (1) mere licensure did not constitute affirmative conduct; (2) the improper licensure did not impose an immediate threat of harm; and (3) the licensure affected the public at large and was not aimed at the plaintiff. *Id.* at 1183.

In *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 993 (10th Cir. 1994), the mother of a student killed by a classmate filed a § 1983 claim against a public-actor school district for not reacting to known threats made against her son by a private-actor student. *Graham*, 22 F.3d at 993. But the Tenth Circuit stated neither foreseeability nor inaction constitute "affirmative conduct" under the danger creation theory. *Id.* at 994–995; *see also Reed v. Gardner*, 986 F.2d 1122, 1125 (7th Cir. 1993). The court held (1) the school district did not create a hazardous situation by placing the aggressor and the victim in the same location and (2) any danger to the victim was too remote to hold the school liable under § 1983. *Id.* at 995.

Inaction can serve as a basis for a danger creation claim but only in very limited circumstances. *Estate of B.I.C. v. Gillen,* 710 F.3d 1168 (10th Cir. 2013). In *Estate of B.I.C.,* grandparents filed a § 1983 substantive due process claim alleging a public-actor social worker created the danger that resulted in the death of their infant granddaughter at the hands of the infant's private-actor father. *B.I.C.* at 1170. The Tenth Circuit found allegations that the social

worker refused to investigate evidence of the father's abuse based on her alleged hatred of the grandparents could withstand a motion for summary judgment. *Id.* at 1174.

Other circuits have held that, under the danger creation theory, a single, isolated, or sporadic incident does not establish a longstanding practice or custom to impose liability. *G.C. ex rel. Counts v. N. Clackamas Sch. Dist.,* 654 F. Supp. 2d 1226, 1247 (D. Ore. 2009). In *G.C.,* a special needs student's parents filed a danger creation claim against the state-actor school district after their daughter was sexually assaulted by a private-actor student in 2004 and 2005. *Id.* at 1229. The parents claimed the school district had a policy, practice, or custom of failing to remove sexual abusers from its special education program. *Id.* at 1243. But the court found the plaintiff's evidence did not establish a "longstanding practice or custom." *Id.* at 1248–49.

Here, the Petition does not contain an assertion District's alleged inaction was motivated by hatred or animus. Nor does Plaintiff plead <u>affirmative conduct</u> by District specifically directed at H.M. which posed a threat of <u>imminent</u> harm by a private actor. Under *Gray*, these allegations are simply not enough to state a claim under the danger creation theory.

## B.   PRIVATE VIOLENCE

Even if Plaintiff establishes affirmative conduct by District or its Board of Education, she does not allege "private violence" to bring a prima facie claim under the danger creation theory. Under this theory, "a constitutional deprivation is *dependent* on a private act that deprives the victim of life, liberty, or property, even though private action itself is never cognizable under § 1983." *Gray*, 672 F.3d at 928. (emphasis in original). Further, "[a] private act must <u>directly</u> cause the victim's harm before [courts] <u>even so much as consider the state-created danger theory</u>." *Id.* (emphasis added).

To define "private violence," the Tenth Circuit applies the definition of violence in Black's Law Dictionary: "physical force unlawfully exercised with the intent to harm." *Gray*, 672 F.3d at 928. Therefore, private violence generally requires acts of murder, stabbing, shooting, kidnapping, or sexual assault <u>by a private actor</u>. *See e.g., Graham*, 22 F.3d at 993; *Uhlrig v. Harder*,     64 F.3d 567, 571     (10th Cir. 1995);     *Liebson v. N.M.     Corr.     Dept.*, 73 F.3d 274, 275     (10th Cir. 1996);     *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1230–31 (10th Cir. 1999). No constitutional violation occurs when a public employee's intentional act is directly responsible for the victim's harm. *Id.* at 929–30.

Plaintiff here alleges no private violence. All allegations in the Petition involve violence by Copeland—who is a state actor. Doc. No. 1-1, Pet., ¶ 9 ("H.M. was a freshman [. . .] when she was encouraged and solicited for sexual conduct by <u>employee</u> [Copeland], [who] later committed sexual battery on [H.M.]") (emphasis added), ¶ 18, ("[<u>E]mployee</u> [. . .] Copeland began sexually harassing H.M. [. . .] and later sexually battered H.M.") (emphasis added), ¶ 45 ("[<u>E]mployee</u> [. . .] Copeland began sexually harassing H.M. [. . .] and later sexually battered H.M.") (emphasis added), ¶ 71 ("Copeland [. . .] <u>at all time[s] material hereto was acting in concert and under color of state law</u>[.]") (emphasis added), ¶ 73 ("Copeland [. . .] acted [. . .] under color of state law[.]") ¶ 82 ("Copeland act[ed] [. . .] under color of state law[.]").

Under *Gray*, no claim under the danger creation theory is actionable when the plaintiff was harmed by a state actor—such as a public school employee like Copeland. Therefore, the Petition's claim under the danger creation theory fails on the second prong—private violence.

### C.          CONDUCT AIMED AT H.M.

Plaintiff also does not allege District's affirmative acts were specifically aimed at H.M. rather than freshmen at large. Neither does Plaintiff allege District or the Board of Education

specifically intended to harm H.M. Plaintiff has failed to state a prima facie claim under the danger creation theory, and this claim should be dismissed.

### D. EVEN IF PLAINTIFF ESTABLISHED A PRIMA FACIE CASE UNDER THE DANGER CREATION THEORY, IT FAILS THE SIX-PART *ARMIJO* TEST.

Only after a plaintiff establishes a prima facie case under the danger creation theory, courts apply the *Armijo* test to determine if a violation has occurred under the theory. A danger creation claim must meet six requirements:

> (1) state actors created the danger or increased the plaintiff's vulnerability to the danger in some way, (2) the plaintiff was a member of a limited and specifically definable group, (3) the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm, (4) the risk was obvious or known, (5) the defendants acted recklessly in conscious disregard of that risk, and (6) the conduct, when viewed in total, shocks the conscience.

*Armijo by & Through Chavez v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1262–63 (10th Cir. 1998).

Regarding culpability, the Due Process Clause only protects against "deliberately wrongful government decisions rather than negligent government conduct." *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1126 (10th Cir. 2008), citing *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995) (declined to follow on other grounds in *Farmer v. Kansas State Univ.*, 918 F.3d 1094 (10th Cir. 2019)).

In *Rost*, a parent claimed a state-actor school district's failure to follow or enforce its sexual harassment policy created a dangerous environment for her daughter—a seventh-grade special needs student who was repeatedly coerced into performing sex acts with four private-actor, male students. *Rost* at 1117. The student notified the school that boys were "bothering"

her, but she did not describe the abuse in more detail. *Id.* Two weeks after reporting the abuse, the student suffered a psychotic episode that required hospitalization. *Id.* at 1118.

Her mother then sued the school district for violations under Title IX and 42 U.S.C. § 1983, alleging the school district created a dangerous educational environment. *Id.* The trial court rejected this claim, finding the school district lacked knowledge of any substantial risk of danger to the student, and the Tenth Circuit agreed. *Rost*, 511 F.3d at 1126.

Here, Plaintiffs allege Defendants created or increased a danger by failing to take "any action to stop this conduct or protect its students, including H.M., from further acts of sexual battery." Doc. No. 1-1, Pet., ¶ 12. But, unlike in *Rost*, Plaintiff does not allege that H.M. notified District or High School officials of ongoing abuse. Nor does Plaintiff allege H.M. was harmed by a private actor. These allegations do not state a claim under the danger creation theory.

Further, Plaintiff does not allege conduct that shocks the judicial conscience. "Conduct that shocks the judicial conscience [. . .] is deliberate government action that is arbitrary and unrestrained by the established principles of private right and distributive justice." *Hernandez v. Ridley, et al*, 734 F.3d 1254, 1261 (10th Cir. 2013) (quoting *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008)); *see also Uhlrig v. Harder* at 574 ("[T]he plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking."). Plaintiff recites the final element of the *Armijo* test—that District's acts shocked the conscience—but she pleads no facts to support that allegation Doc. No. 1-1, Pet., ¶ 13. This conclusory legal statement is disfavored by *Iqbal* and *Twombly* and does not meet the high standard of federal pleading. Plaintiff's substantive due process

claim under the danger creation theory should be dismissed.

## PROPOSITION V:   UNDER THE GTCA, DISTRICT CANNOT BE HELD LIABLE FOR COPELAND'S INTENTIONAL TORTS AS A MATTER OF LAW.

Plaintiff's Third Cause of Action alleges District is liable in negligence for Copeland's intentional acts. Doc. No. 1-1, Pet., ¶¶ 18, 38–42, 45. To the extent Plaintiff's claims seek to hold District liable in negligence for Copeland's sexual battery, District cannot be liable for any intentional acts of criminal sexual battery committed by employees outside the scope of their employment.

The GTCA provides "a political subdivision shall be liable for loss resulting from its torts or the torts of its employees **acting within the scope of their employment**[.]" 51 O.S. § 153(A) (emphasis added). Scope of employment is defined as performance by an employee acting in <u>good faith</u> within the duties and tasks lawfully assigned. 51 O.S. § 152(9) (emphasis added). The school district is *not* liable for acts or omissions of an employee acting outside the scope of his employment. 51 O.S. § 153 (emphasis added).

An employee is acting within the scope of employment if he is "engaged in work assigned, or if doing that which is proper, necessary and usual to accomplish the work assigned, or doing that which is customary within the particular trade or business." *Tuffy's, Inc. v. City of Okla. City,* 2009 OK 4, ¶ 7, 212 P.3d 1158, 1163. A governmental entity subject to the protections of the GTCA, such as District, cannot be held liable for any act of an employee unless the employee can be found to have acted in good faith and within the scope of employment. *McMullen v. City of Del City,* 1996 OK CIV APP 46, ¶¶ 5–9, 920 P.2d 528, 530–531; *Parker v. City of Midwest City,* 1993 OK 29, ¶¶ 6–10, 850 P.2d 1065,

1066–67; *Fehring v. State Ins. Fund,* 2001 OK 11, ¶ 23, 19 P.3d 276, 283 ("when, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith and conduct on the part of governmental employees, there can be no liability against the governmental entity in [a GTCA]-based suit.") (overturned on other grounds by *Gowens v. Barstow*, 2015 OK 85, 364 P.3d 644).

Courts have consistently dismissed claims of intentional torts brought against school districts. *Covey v. Lexington Pub. Sch.*, CIV-09-1151-M, 2010 WL 5092781 (Order on Motion to Dismiss, W.D. Okla. Oct. 7, 2010); *Culbertson v. Fletcher Pub. Sch.*, CIV-11-138-M, 2011 WL 3477112 (Order on Motion to Dismiss, W.D. Okla. Aug. 9, 2011). On November 5, 2019, Copeland was charged with two counts of sexual battery in violation of 21 O.S. § 1123(B) and one count of soliciting sexual conduct with a minor by use of technology in violation of 21 O.S. § 1040.13a.[2] The conduct forbidden by § 1123(B) is "intentional" and the conduct forbidden by § 1040.13a is "knowing[.]"

By definition, District cannot be liable for employees' intentional torts that include an essential element of bad faith, as a finding of bad faith negates a finding that an employee has acted within the scope of his employment. Plaintiff's claim that Copeland sexually battered H.M. requires an element of bad faith that brings the act clearly outside his scope of employment. An employee cannot sexually abuse a minor <u>in good faith</u>, so any claims for sexual battery fail under the GTCA.

---

[2] District requests the Court take judicial notice of the proceedings in *State v. Copeland*, Case No. CF-2019-4607, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2019-4607&cmid=3825863.

Since Plaintiff can only recover against District for actions of its employees performed in good faith, any claim by Plaintiff arising out of intentional, bad faith acts of its employee fails as a matter of law. Plaintiff's claim that District is liable in negligence for the intentional acts of Copeland should be dismissed.

**PROPOSITION VI:   DISTRICT CANNOT BE LIABLE FOR PUNITIVE DAMAGES.**

Plaintiff seeks to recover punitive damages against District. Doc No. 1-1, Pet., ¶¶ 29, 37, 42, 64, 91 and Relief Requested. Under the GTCA, punitive damages may not be awarded against a school district for any action or claim. 51 O.S. § 154(B). Any claim for punitive damages against District for a state tort claim must be dismissed. And punitive damages are not recoverable against a governmental entity under § 1983, and as such should not be permitted in this matter. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981); *Dill v. City of Edmond*, 155 F.3d 1193, 1210 (10th Cir. 1998). Finally, the 10th Circuit does not recognize punitive damages as a remedy for violations of Title IX. *Najera v. Indep. Sch. Dist. of Stroud No. 1-54 of Lincoln Cnty.*, 60 F. Supp. 3d 1202, 1208 (W.D. Okla. 2014) (citing *Mercer v. Duke Univ.,* 401 F.3d 199, 202 (4th Cir. 2005), *Elizabeth S. v. Okla. City Pub. Sch.,* No. CIV–08–105–M, 2008 WL 4147572, *6 (W.D. Okla. Sept. 3, 2008)). All claims for punitive damages should be dismissed.

## CONCLUSION

District respectfully requests the Court dismiss:

1.    All claims against High School because it is not a legal entity capable of being sued;

2.    All claims brought under Title IX because the Petition fails to state a claim under 20 U.S.C. § 1681(a);

3.    All claims brought under 42 U.S.C. § 1983 because the Petition fails to state a claim for violation of H.M.'s rights under the 14th Amendment to the U.S. Constitution;

4.    All claims under the substantive due process danger creation theory because the Petition fails to state a prima facie claim under the theory;

5.    All claims against District for the intentional torts of Defendant Copeland because District cannot be liable for intentional torts as a matter of law; and

6.    All claims for punitive damages against District because they are unavailable under the GTCA, 42 U.S.C. § 1983, and Title IX.


Respectfully submitted,

S/JUSTIN C. CLIBURN
F. ANDREW FUGITT, OBA #10302
JUSTIN C. CLIBURN, OBA #32223
THE CENTER FOR EDUCATION LAW, P.C.
900 N. BROADWAY AVE, SUITE 300
OKLAHOMA CITY, OK 73102
TELEPHONE:  (405) 528-2800
FACSIMILE:    (405) 528-5800
E-MAIL: AFugitt@cfel.com
E-MAIL: JCliburn@cfel.com
ATTORNEYS FOR DISTRICT AND HIGH SCHOOL

### CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2020 I electronically transmitted the attached document to the Clerk of the Court using the Electronic Case Filing system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

S/JUSTIN C. CLIBURN
JUSTIN C. CLIBURN